# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**ACOR BONDING, ET AL.**                                                    **PLAINTIFFS**

**V.**                                 **CAUSE NO.: 1:09CV20-SA-JAD**

**LEE COUNTY, MISSISSIPPI, ET AL.**                                     **DEFENDANTS**

## MEMORANDUM OPINION

This cause is before the Court on Defendants' Motion to Dismiss [20]. From its review of all matters made a part of the record of this case as well as applicable law, and being thus fully advised in the premises, the Court finds that the motion should be denied.

*Factual and Procedural Background*

The Plaintiffs are engaged in the bail bond business. They assert that in November of 2008, Sheriff Jim Johnson began an investigation into alleged improprieties between jailers and persons in the bail bonding business. As a result, he prohibited four companies from bonding work at the Lee County Jail. As of the date of the Complaint, the Plaintiffs allege that ACOR Bonding and Interstate Bail Bonds have yet to be allowed to write bonds.

The Plaintiffs allege that the Sheriff has deprived them of their ability to maintain a living in the bail bonding business, which has resulted in a deprivation of their constitutional rights, mental and emotional anguish and fear, and a loss of property.

Plaintiffs requested a temporary restraining order to enjoin Sheriff Johnson from preventing them from writing bail bonds in Lee County. This Court denied that injunction as Plaintiffs' injury could be monetarily compensated and thus, did not constitute an irreparable injury. A permanent injunction hearing was held on February 18, 2009, and this Court denied Plaintiffs' Motion for Permanent Injunction on the basis that there was no substantial likelihood that Plaintiffs would

succeed on the merits of their claim, and Plaintiffs were unlikely to suffer an irreparable injury. Specifically, the Court, relying on Baldwin v. Daniels, 250 F.3d 943 (5th Cir. 2001), held that a bail bondsman had no constitutionally protected liberty or property interest in having bonds written by them accepted at the county jail.

Plaintiffs submitted at the permanent injunction hearing that this Court should adopt the Fifth Circuit's reasoning in The Hampton Company National Surety, LLC v. Tunica County, Miss., 543 F.3d 221 (5th Cir. 2008). That case acknowledged a Mississippi circuit court case pending on appeal at the Mississippi Supreme Court that "may . . . define the relevant rights of bail bondsmen" and their property interest in writing bonds in particular counties. Id. at 226 (citing Hampton Co. Nat'l Sur., LLC v. Tunica County, No. 2005-0391 (Miss. Cir. Ct. 11th Dist. Apr. 3, 2008) appeal docketed 2008-TS-00756 (Miss. 2008) (hereinafter referred to as Hampton)). The Court further noted that "[i]f a sheriff is found not to have the discretion [to refuse particular bonding companies for issuing bonds in the county], bail bondsmen might have a reasonable expectation that their right to write such bonds may not be taken." Id. The Fifth Circuit concluded that, as the Mississippi Supreme Court had not yet ruled on the Hampton state circuit court case and Baldwin was the standing authority, there was no procedural due process right in having bonds written by the plaintiffs accepted at the county jail.

Defendants have filed a Motion to Dismiss [20] on the basis that the Fourteenth Amendment did not protect any interest of Plaintiffs according to the Fifth Circuit in Baldwin. After briefing was complete, the Mississippi Supreme Court handed down its opinion in the Tunica County v. Hampton Co. Nat'l Surety, LLC state circuit court case. No. 2008-CA-00756-SCT (Miss. May 7, 2009). This Court requested supplemental briefing regarding this decision. After considering all relevant

authorities, this Court is prepared to rule.

*Motion to Dismiss Standard*

In considering a motion under Rule 12(b)(6), the "court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit, 369 F.3d 464, 467 (5th Cir. 2004) (quoting Jones v. Greninger, 188 F.3d 322, 324 (5th Cir. 1999)). To overcome a Rule 12(b)(6) motion, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); accord Ashcroft v. Iqbal, — U.S. —, 129 S. Ct. 1937, 173 L. Ed. 2d 868, 883-85 (May 18, 2009).

"Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 555, 127 S. Ct. 1955 (quotation marks, citations, and footnote omitted). "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court.'" Cuvillier v. Taylor, 503 F.3d 397, 401 (5th Cir. 2007) (citing Twombly, 550 U.S. at 558, 127 S. Ct. 1955) (internal quotation marks omitted)).

*Discussion and Analysis*

Plaintiffs assert that their protected liberty interest is the right to pursue an occupation. Plaintiffs cite Phillips v. Vandygriff, 711 F.2d 1217 (5th Cir. 1983), for the proposition that a bail agent's right to write bonds in a particular county is an interest protected by the Fourteenth Amendment. However, the Fifth Circuit in Baldwin, 250 F.3d at 946, and Richards v. City of Columbus, 7 F.3d 230, 249 (5th Cir. 1993), have held that if a bondsmen's state license is not

3

revoked and the ability to write bonds under the state license is merely restricted, there is no constitutional deprivation.

Plaintiffs also declare a property interest in their ability to write bail bonds in Lee County. On May 7, 2009, the Mississippi Supreme Court handed down its opinion in <u>Tunica County v. The Hampton Company National Surety, LLC</u>, No. 2008-CA-00756-SCT (Miss. May 7, 2009). On appeal, the Supreme Court addressed whether a county sheriff had the authority to refuse to accept bonds written by a professional bond agent. <u>Id</u>. at ¶1. The trial court held there was no such discretion; the Supreme Court reversed. <u>Id</u>.

The facts of <u>Hampton</u> are very similar to those presented here. In <u>Hampton</u>, the Tunica County Sheriff removed Hampton Company and its only soliciting bail agent from Tunica County's bail bonding roster, prohibiting both from writing bonds in Tunica County. The Sheriff's justification for removal was that he had received notification from a circuit court judge that Hampton was in arrears on bonds because three bonded defendants failed to appear for arraignment. <u>Id</u>. at ¶ 3. Here, Sheriff Johnson struck the Plaintiffs' names from the bail bonding roster on information and pending an investigation of improprieties between jailers and bondsmen.

The Mississippi Supreme Court determined that based on the statutory language of Mississippi Code Section 19-25-67, which states that a sheriff "may take bonds," sheriffs are imbued with the limited discretion to accept or reject bonds tendered for the release of an accused. <u>Id</u>. at ¶ 19. However, the Court noted that the sheriff's discretion is not unfettered and may not be exercised in an arbitrary or capricious manner. <u>Id</u>. at ¶ 21.

Here, Plaintiffs have alleged that two bonding companies were placed back on the bonding roster during Sheriff Johnson's investigation. ACOR Bonding and Interstate Bail Bonds have not

4

been added back to the list.  According to the Plaintiffs' complaint, the sheriff's investigation spanned numerous months, and the matter has yet to be resolved.  Moreover, Plaintiffs assert that David Sheffield offered phone records and employee polygraph tests to show that there was never any contact between the accused jailer and his agents.

Based on the Mississippi Supreme Court's ruling in <u>Hampton</u> that sheriffs have limited discretion to accept or reject bonds, Plaintiffs have, on the face of their complaint, asserted a claim that is plausible.  Plaintiffs have alleged enough facts that Sheriff Johnson's actions may have been arbitrary or capricious.

*Conclusion*

Under Mississippi law, county sheriffs are conferred the authority to accept or reject bonds as long as they do not act in an arbitrary or capricious manner.  <u>See</u> <u>Tunica County v. The Hampton Company</u>, 2008-CA-00756-SCT (Miss. May 7, 2009). Construing the facts in the light most favorable to the Plaintiffs, this Court hereby DENIES Defendants' Motion to Dismiss.

SO ORDERED, this the 14th day of July, 2009.

                                           **/s/ Sharion Aycock**
                                           **U.S. DISTRICT JUDGE**