**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**ACOR BONDING, ET AL.**                                                               **PLAINTIFFS**

**V.**                                                                  **CAUSE NO.: 1:09CV20-SA-JAD**

**LEE COUNTY, MISSISSIPPI, ET AL.**                                    **DEFENDANTS**

**ORDER ON MOTION FOR RECONSIDERATION**

This Court denied Defendants' Motion to Dismiss [30] on July 14, 2009. Defendants have filed a Motion to Reconsider [34] which the Court addresses below:

*Reconsideration Standard*

The Federal Rules of Civil Procedure do not recognize a motion for reconsideration in those words. Lavespere v. Niagra Mach. & Tool Works, Inc., 910 F.2d 167, 173 (5th Cir. 1990); Little v. Liquid Air Corp., 37 F.3d 1069, 1075 n.14 (5th Cir. 1994) (en banc). However, the Fifth Circuit has held that such a motion may be entertained by a court and should be treated either as a motion to alter or amend pursuant to Rule 59(e), or a motion for relief from judgment pursuant to Rule 60(b). Shepherd v. Int'l Paper Co., 372 F.3d 326, 328 n.1 (5th Cir. 2004). Specifically, if the motion for reconsideration is filed and served within ten days of the rendition of judgment, the motion falls under Rule 59(e). Hamilton Plaintiffs v. Williams Plaintiffs, 147 F.3d 367, 371 n.10 (5th Cir. 1998). Because the current motion was not filed within ten days of the judgment, the Court will consider it under Rule 60(b).[1] See Shepherd, 372 F.3d at 328 n.1; Harcon Barge Co. v. D & G Boat Rentals, Inc., 784 F.2d 665, 667 (5th Cir. 1986) (en banc).

Federal Rule of Civil Procedure 60(b) provides in pertinent part:

---

[1] The Court entered its Order Denying Motion to Dismiss on July 14, 2009. Defendants' filed their Motion for Reconsideration on July 29, 2009, eleven days after the Court's Order.

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; … and (6) any other reason that justifies relief.

A motion for relief of judgment under Rule 60(b) is addressed to the discretion of the court. Hand v. United States, 441 F.2d 529 (5th Cir. 1971). "The cases show that although the courts have sought to accomplish justice, they have administered Rule 60(b) with a scrupulous regard for the aims of finality." 11 Fed. Prac. & Proc. Civ.2d § 2857. Moreover, relief under 60(b) is "extraordinary … and the requirements of the rule must be strictly met." Longden v. Sunderman, 979 F.2d 1095, 1102 (5th Cir. 1992).

Defendants assert that this Court erred in failing to dismiss the case. Specifically, Defendants note that the Fifth Circuit has held that an indispensable element of a "protected property interest" is that the official has no discretion. Defendants further cite to the Mississippi Supreme Court's recent decision that sheriffs have limited discretion under the state statute. Thus, Defendants argue, this Court erred in not dismissing this case as improper under Section 1983.

Section 1983 affords redress against a person who under color of state law deprives another person of any federal constitutional or statutory right. San Jacinto Sav. & Loan v. Kacal, 928 F.2d 697 (5th Cir. Tex. 1991) (citing Thibodeaux v. Bordelon, 740 F.2d 329 (5th Cir. 1984); Phillips v. Vandygriff, 711 F.2d 1217, 1221 (5th Cir. 1983), *cert. denied*, 469 U.S. 821, 105 S. Ct. 94, 83 L. Ed. 2d 40 (1984)). Section 1983 does not create substantive rights; rather, it merely provides a remedy for deprivations of rights established elsewhere. City of Oklahoma City v. Tuttle, 471 U.S. 808, 816, 105 S. Ct. 2427, 85 L. Ed. 2d 791 (1985). To bring an action within the purview of section 1983, a claimant must first identify a protected life, liberty, or property interest, and then prove that government action resulted in a deprivation of that interest. Baker v. McCollan, 443 U.S. 137, 140,

99 S. Ct. 2689, 61 L. Ed. 2d 433 (1979); Mahone v. Addicks Utility Dist., 836 F.2d 921 (5th Cir. 1988); Villanueva v. McInnis, 723 F.2d 414, 418 (5th Cir. 1984).

The Supreme Court has recognized that "a benefit is not a protected entitlement if government officials may grant or deny it in their discretion." Town of Castle Rock v. Gonzales, 545 U.S. 748, 756, 125 S. Ct. 2796, 162 L. Ed. 2d 658 (2005) (citing Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 462-63, 109 S. Ct. 1904, 104 L. Ed. 2d 506 (1989)). The Fifth Circuit has held that statutes that allow individuals or entities make evaluations using "both subjective and objective factors, makes totally unwarranted any suggestion that the statute creates a presumption of entitlement . . ." Irving v. Thigpen, 732 F.2d 1215, 1217 (5th Cir. 1984)

In the context of the present case, the central determination is whether Mississippi law gives bail bondsmen the right to have their bonds accepted in any and all counties within the state. See Id. The state statute on point gives sheriffs the discretionary authority to grant or deny the ability to write bail bonds as long as such action is not taken in an arbitrary and capricious fashion. Mississippi Code Section 19-25-67 provides that a sheriff "*may* take bonds . . .." (emphasis added). The permissive language of this statute does not create a legitimate claim of entitlement in a bail bondsmen to have his bonds accepted. See Neuwirth v. Louisiana State Bd. of Dentisty, 845 F.2d 553 (5th Cir. 1988) (statute providing that State Board "may" grant reciprocal licenses without an examination evidences discretion which gives rise to no constitutionally protected interests enforceable by one aggrieved by that use of discretion); Scales v. Miss. State Parole Bd., 831 F.2d 565, 566 (5th Cir. 1987) ("The distinction between whether a prisoner shall or may be given parole critically differentiates his expectation of release, and hence his rights under the due process clause of the fourteenth amendment).

Thus, there is no federally protected constitutional interest in the right to write bail bonds in

a particular county. Plaintiff's federal due process claims must be dismissed for failing to prove a protected property interest.  Because there exists no federal question, this Court lacks subject matter jurisdiction over this cause.

Having considered the Defendants' motion and supporting brief, the court concludes that the Defendants have met the strict requirements of relief from judgment under Rule 60(b).  Accordingly, Defendant's Motion to Reconsider is GRANTED, and this case is DISMISSED for lack of subject matter jurisdiction.

SO ORDERED, this the  8th  day of December, 2009.

                                          **/s/ Sharion Aycock**
                                          **U.S. DISTRICT JUDGE**